NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GERARDO EDMUNDO ANDRADA-PASTRANO, *Petitioner*.

No. 1 CA-CR 16-0565 PRPC
FILED 9-5-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1991-007525
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gerardo Edmundo Andrada-Pastrano, Mesa
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen issued the decision of the court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

**J O H N S E N**, Judge:

**¶1** Gerardo Edmundo Andrada-Pastrano petitions this court for review from the dismissal of his sixth petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2** In November 1992, Andrada-Pastrano pled no contest to attempted sexual abuse, a Class 4 felony and dangerous crime against children. The parties stipulated to a seven-year term of probation with six months' incarceration. The superior court accepted the plea agreement and imposed seven years' probation, with four months' incarceration. Andrada-Pastrano did not file a notice of post-conviction relief (PCR), and his conviction and the resulting term of probation became final March 8, 1993. *See* Ariz. R. Crim. P. 32.4(a); *State v. Febles*, 210 Ariz. 589, 592, ¶ 9 (App. 2005).

**¶3** Since that time, Andrada-Pastrano has filed several post-conviction proceedings.[1] In his latest PCR, Andrada-Pastrano alleges claims he has made before, namely, newly discovered evidence, ineffective assistance of counsel, actual innocence, and prosecutorial misconduct, including *Brady* violations. The essence of his claims is that the State withheld evidence, including medical records and police reports, that cast doubt on the victim's credibility. After addressing each claim, the superior court summarily dismissed the proceeding. This petition for review followed.

**¶4** Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Andrada-Pastrano has not shown any abuse of discretion or error of law.

**¶5** In his petition for review, Andrada-Pastrano argues the State misrepresented the origin of medical records or medical evidence obtained by subpoena during his prosecution. He also argues that the medical evidence would have supported his contention that the victim in his case had falsely accused another man of rape. As noted, the superior court and this court have rejected these claims on multiple occasions.

---

[1] For a detailed statement of the factual and procedural history of this case, see *State v. Andrada-Pastrano*, 1 CA-CR 16-0499 PRPC (Ariz. App. _____,____) (mem. decision).

**¶6**       Andrada-Pastrano argues that the "fact" that the state argued an inconsistent position in an earlier PCR is "newly discovered evidence." However, this "fact" is not evidence. Andrada-Pastrano provided no new "facts," material or otherwise, to warrant any further proceedings. Ariz. R. Crim. P. ("Rule") 32.2(c). Therefore, his claims are precluded. Rule 32.2(a)(2).

**¶7**       For the foregoing reasons, we grant review and deny relief.

